MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
SILBIA DOLORES MUY GOMEZ,
*individually and on behalf of others similarly
situated,*

                         *Plaintiff*,

               -against-

NEW PRECIOUS NAIL INC.  (D/B/A
PRECIOUS NAILS), PELINO YOON
(A.K.A. YUNG YOON) , and SOPHIA
YOON,
                       *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

       Plaintiff Silbia Dolores Muy Gomez ("Plaintiff Muy" or "Ms. Muy"), individually and on

behalf of others similarly situated, by and through her attorneys, Michael Faillace & Associates,

P.C., upon her knowledge and belief, and as against New Precious Nail Inc.  (d/b/a Precious Nails),

("Defendant Corporation"), Pelino Yoon (a.k.a. Yung Yoon) and Sophia Yoon, ("Individual

Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

       1.     Plaintiff Muy is a former employee of Defendants New Precious Nail Inc.  (d/b/a

Precious Nails), Pelino Yoon (a.k.a. Yung Yoon), and Sophia Yoon.

       2.     Defendants own, operate, or control a nail salon, located at 180 E 94th Street, New

York, New York 10128 under the name "Precious Nails".

       3.     Upon information and belief, individual Defendants Pelino Yoon (a.k.a. Yung Yoon)

and Sophia Yoon, serve or served as owners, managers, principals, or agents of Defendant

Corporation and, through this corporate entity, operate or operated the salon as a joint or unified enterprise.

4.      Plaintiff Muy was employed as a manicurist, pedicurist and a masseuse at the salon located at 180 E 94th Street, New York, New York 10128.

5.      Plaintiff Muy was ostensibly employed as a manicurist, pedicurist and a masseuse.

6.      However, she was required to spend a considerable part of her work day performing non-tipped duties, including but not limited to cleaning the bathroom, vacuuming, taking out the trash, accommodating products for the salon, cleaning the general, mopping and cleaning the windows (hereafter the "non-tipped duties").

7.      At all times relevant to this Complaint, Plaintiff Muy worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that she worked.

8.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Muy appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

9.      Defendants employed and accounted for Plaintiff Muy as a manicurist, pedicurist and a masseuse in their payroll, but in actuality her duties required a significant amount of time spent performing the non-tipped duties alleged above.

10.     Regardless, at all relevant times, Defendants paid Plaintiff Muy at a rate that was lower than the required tip-credit rate.

11.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Muy's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

12.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Muy's actual duties in payroll records by designating her as a manicurist,

pedicurist and a masseuse instead of as a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Muy at the minimum wage rate and enabled them to pay her at the tip-credit rate (which they still failed to do).

13.     Defendants' conduct extended beyond Plaintiff Muy to all other similarly situated employees.

14.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Muy and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

15.     Plaintiff Muy now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

16.     Plaintiff Muy seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Muy's state law claims under 28 U.S.C. § 1367(a).

18.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants

operate a nail salon located in this district. Further, Plaintiff Muy was employed by Defendants in this district.

## PARTIES

*Plaintiff*

19.     Plaintiff Silbia Dolores Muy Gomez ("Plaintiff Muy" or "Ms. Muy") is an adult individual residing in Queens County, New York.

20.     Plaintiff Muy was employed by Defendants at Precious Nails from approximately December 2006 until on or about September 17, 2018.

21.     Plaintiff Muy consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

22.     At all relevant times, Defendants owned, operated, or controlled a nail salon, located at 180 E 94th Street, New York, New York 10128 under the name "Precious Nails".

23.     Upon information and belief, New Precious Nail Inc.  (d/b/a Precious Nails) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 180 E 94th Street, New York, New York 10128.

24.     Defendant Pelino Yoon (a.k.a. Yung Yoon) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Pelino Yoon (a.k.a. Yung Yoon) is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Pelino Yoon (a.k.a. Yung Yoon) possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees

of Defendants, including Plaintiff Muy, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25.     Defendant Sophia Yoon is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Sophia Yoon is sued individually in her capacity as a manager of Defendant Corporation. Defendant Sophia Yoon possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Muy, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

### *Defendants Constitute Joint Employers*

26.     Defendants operate a nail salon located in the Yorkville section of Manhattan in New York City.

27.     Individual Defendants, Pelino Yoon (a.k.a. Yung Yoon) and Sophia Yoon, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

28.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

29.     Each Defendant possessed substantial control over Plaintiff Muy's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Muy, and all similarly situated individuals, referred to herein.

30.     Defendants jointly employed Plaintiff Muy (and all similarly situated employees) and are Plaintiff Muy's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

31.     In the alternative, Defendants constitute a single employer of Plaintiff Muy and/or similarly situated individuals.

32.     Upon information and belief, Individual Defendants Pelino Yoon (a.k.a. Yung Yoon) and Sophia Yoon operate Defendant Corporation as either an alter ego of  themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

    b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c)  transferring assets and debts freely as between all Defendants,

    d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

    e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

    f)  intermingling assets and debts of their own with Defendant Corporation,

    g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

    h)  Other actions evincing a failure to adhere to the corporate form.

33.     At all relevant times, Defendants were Plaintiff Muy's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Muy, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Muy's services.

34.     In each year from 2013 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the salon on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

36.     Plaintiff Muy is a former employee of Defendants who ostensibly was employed as a manicurist, pedicurist and a masseuse. However, she spent over 20% of each shift performing the non-tipped duties described above.

37.     Plaintiff Muy seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Silbia Dolores Muy Gomez*

38.     Plaintiff Muy was employed by Defendants from approximately December 2006 until on or about September 17, 2018.

39.     Defendants ostensibly employed Plaintiff Muy as a manicurist, pedicurist and a masseuse.

40.     However, Plaintiff Muy was also required to spend a significant portion of her work day performing the non-tipped duties described above.

41.     Although Plaintiff Muy ostensibly was employed as a manicurist, pedicurist and a masseuse, she spent over 20% of each day performing non-tipped work throughout her employment with Defendants.

42.     Plaintiff Muy regularly handled goods in interstate commerce, such as cosmetic products and other supplies produced outside the State of New York.

43.     Plaintiff Muy's work duties required neither discretion nor independent judgment.

44.     Throughout her employment with Defendants, Plaintiff Muy regularly worked in excess of 40 hours per week.

45.     From approximately March 2013 until on or about July 2015, Plaintiff Muy worked from approximately 10:00 a.m. until on or about 8:00 p.m., 5 or 6 days a week (typically 50 to 60 hours per week).

46.     From approximately July 2015 until on or about July 2016, Plaintiff Muy worked from approximately 10:00 a.m. until on or about 8:00 p.m., 6 days a week (typically 60 hours per week).

47.     From approximately July 2016 until on or about September 17, 2018, Plaintiff Muy worked from approximately 10:30 a.m. until on or about 8:00 p.m., Mondays through Wednesdays, from approximately 11:00 a.m. until on or about 8:00 p.m., Thursdays and Fridays, and from approximately 10:00 a.m. until on or about 7:00 p.m., Saturdays and Sundays (typically 64.5 hours per week).

48.     Throughout her employment, Defendants paid Plaintiff Muy her wages in cash.

49.     From approximately March 2013 until on or about December 2014, Defendants paid Plaintiff Muy a fixed salary of $60 per day.

50.     From approximately January 2015 until on or about July 2016, Defendants paid Plaintiff Muy a fixed salary of $420 per week.

51.     From approximately July 2016 until on or about February 2018, Defendants paid Plaintiff Muy a fixed salary of $450 per week.

52.     From approximately February 2018 until on or about September 17, 2018, Defendants paid Plaintiff Muy a fixed salary of $480 per week.

53.     Plaintiff Muy's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

54.     For example, Defendants required Plaintiff Muy to work an additional 15 minutes to 30 minutes past her scheduled departure time two or three days a week, and did not pay her for the additional time she worked.

55.     Defendants never granted Plaintiff Muy any breaks or meal periods of any kind.

56.     Plaintiff Muy was never notified by Defendants that her tips were being included as an offset for wages.

57.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Muy's wages.

58.     Plaintiff Muy was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

59.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Muy regarding overtime and wages under the FLSA and NYLL.

60.     Defendants did not provide Plaintiff Muy an accurate statement of wages, as required by NYLL 195(3).

61.     Defendants did not give any notice to Plaintiff Muy, in English and in Spanish (Plaintiff Muy's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

62.     Defendants required Plaintiff Muy to purchase "tools of the trade" with her own funds—including 2 face masks per month, 10 to 12 nail clippers per year, 6 to 7 cuticle trimmer a year and 5 cuticle tools a year.

*Defendants' General Employment Practices*

63.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Muy (and all similarly situated employees) to work in excess of 40 hours a

- 9 -

week without paying her appropriate minimum wage and overtime compensation as required by federal and state laws.

64.     Plaintiff Muy was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

65.     Defendants' pay practices resulted in Plaintiff Muy not receiving payment for all her hours worked, and resulted in Plaintiff Muy's effective rate of pay falling below the required minimum wage rate.

66.     Defendants habitually required Plaintiff Muy to work additional hours beyond her regular shifts but did not provide her with any additional compensation.

67.     Defendants required Plaintiff Muy and all other  manicurist, pedicurist and masseuses to perform general non-tipped tasks in addition to their primary duties as  manicurists, pedicurists and  masseuses.

68.     Plaintiff Muy and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

69.     Plaintiff Muy's duties were not incidental to her occupation as a tipped worker, but instead constituted entirely unrelated general salon work with duties, including the non-tipped duties described above.

70.     Plaintiff Muy and all other tipped workers were paid at a rate that was lower than the required lower tip-credit rate by Defendants.

71.     However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Muy's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

72.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

73.     In violation of federal and state law as codified above, Defendants classified Plaintiff Muy and other tipped workers as tipped employees, and paid them at a rate that was lower than the required lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

74.     Defendants failed to inform Plaintiff Muy who received tips that Defendants intended to take a deduction against Plaintiff Muy's earned wages for tip income, as required by the NYLL before any deduction may be taken.

75.     Defendants failed to inform Plaintiff Muy who received tips, that her tips were being credited towards the payment of the minimum wage.

76.     Defendants failed to maintain a record of tips earned by Plaintiff Muy who worked as a manicurist, pedicurist and a masseuse for the tips she received.

77.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

78.     Defendants paid Plaintiff Muy her wages in cash.

79.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

80.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Muy (and similarly situated individuals) worked, and to avoid paying Plaintiff Muy properly for her full hours worked.

81.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

82.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Muy and other similarly situated former workers.

83.     Defendants failed to provide Plaintiff  Muy and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

84.     Defendants failed to provide Plaintiff Muy and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

85.     Plaintiff Muy brings her FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

86.     At all relevant times, Plaintiff Muy and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

87.     The claims of Plaintiff Muy stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

88.     Plaintiff Muy repeats and realleges all paragraphs above as though fully set forth herein.

89.     At all times relevant to this action, Defendants were Plaintiff Muy's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Muy (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

90.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

91.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

- 13 -

92.     Defendants failed to pay Plaintiff Muy (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

93.     Defendants' failure to pay Plaintiff Muy (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

94.     Plaintiff Muy (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

95.     Plaintiff Muy repeats and realleges all paragraphs above as though fully set forth herein.

96.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Muy (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

97.     Defendants' failure to pay Plaintiff Muy (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

98.     Plaintiff Muy (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

99.      Plaintiff Muy repeats and realleges all paragraphs above as though fully set forth herein.

100.     At all times relevant to this action, Defendants were Plaintiff Muy's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Muy, controlled the terms and conditions of her employment, and determined the rates and methods of any compensation in exchange for her employment.

- 14 -

101.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Muy less than the minimum wage.

102.     Defendants' failure to pay Plaintiff Muy the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

103.     Plaintiff Muy was damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS**

**OF THE NEW YORK STATE LABOR LAW**

104.     Plaintiff Muy repeats and realleges all paragraphs above as though fully set forth herein.

105.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Muy overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

106.     Defendants' failure to pay Plaintiff Muy overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

107.     Plaintiff Muy was damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE NOTICE AND RECORDKEEPING**

**REQUIREMENTS OF THE NEW YORK LABOR LAW**

108.     Plaintiff Muy repeats and realleges all paragraphs above as though fully set forth herein.

109.     Defendants failed to provide Plaintiff Muy with a written notice, in English and in Spanish (Plaintiff Muy's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any,

claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

110.    Defendants are liable to Plaintiff Muy in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

111.    Plaintiff Muy repeats and realleges all paragraphs above as though fully set forth herein.

112.    With each payment of wages, Defendants failed to provide Plaintiff Muy with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

113.    Defendants are liable to Plaintiff Muy in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

114.    Plaintiff Muy repeats and realleges all paragraphs above as though fully set forth herein.

115.    Defendants required Plaintiff Muy to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform her job, further reducing her wages in violation of the FLSA and NYLL.  29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

116.    Plaintiff Muy was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Muy respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Muy and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Muy and the FLSA Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Muy's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Muy and the FLSA Class members;

(f)     Awarding Plaintiff Muy and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Muy and the FLSA Class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Muy;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Muy;

(j)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Muy's compensation, hours, wages and any deductions or credits taken against wages;

(k)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Muy;

(l)     Awarding Plaintiff Muy damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(m)     Awarding Plaintiff Muy damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiff Muy liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)      Awarding Plaintiff Muy and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)      Awarding Plaintiff Muy and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)      All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Muy demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

March 25, 2019

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:    _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# MICHAEL FAILLACE & ASSOCIATES, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

March 15, 2019

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff. **(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Silbia Dolores Muy Gomez
Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:                _Silvia_ _____

Date / Fecha:                     15 de marzo de 2019

*Certified as a minority-owned business in the State of New York*