```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
MUY GOMEZ et al.,                                           :
                                                            :
                                    Plaintiffs,             :
                                                            :           19-CV-2659 (VSB)
                    -against-                               :
                                                            :                  ORDER
                                                            :
NEW PRECIOUS NAIL INC., et al.,                             :
                                                            :
                                    Defendants.             :
                                                            :
                                                            :
------------------------------------------------------------X
```

<u>VERNON S. BRODERICK, United States District Judge</u>:

      The Court has been advised that the parties have reached a settlement in this Fair Labor Standards Act ("FLSA") case. (Doc. 26,) Parties may not privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). Rather, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, No. 15cv3068, 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015).

      In order to determine whether an agreement is fair and reasonable under the FLSA, I must:

> consider the totality of circumstances, including but not limited to the following [5] factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion.

*Beckert v. Rubinov*, No. 15 Civ.1951(PAE), 2015 WL 6503832, at *1 (S.D.N.Y. Oct. 27, 2015) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)). And, if the settlement agreement includes a provision for attorney's fees, I must "separately assess the

reasonableness of plaintiffs, attorney's fees." *Lliguichuzcha v. Cinema 60, LLC*, 948 F. Supp. 2d '362, 366 (S.D.N.Y. 2013). In order to aid in this determination, "counsel must submit evidence providing a factual basis for the [attorney's fees] award." *Beckert*, 2015 WL 6503832, at *2.

Therefore, it is hereby:

ORDERED that within thirty (30) days of this Order the parties provide this Court with the terms of the settlement in order to ensure that, in compliance with the FLSA, they are fair and reflect a reasonable compromise of disputed issues.

IT IS FURTHER ORDERED that, along with the terms of the settlement, the parties shall provide this court with a joint letter of no more than five (5) pages explaining why they believe the settlement reflects a fair and reasonable compromise of disputed issues. Such letter should include, but need not be limited to, information concerning the five (5) factors identified in *Beckert*.

IT IS FURTHER ORDERED that, if the agreement includes a provision for attorney's fees, the parties submit evidence providing a factual basis for the attorney's fees award. Such basis should include "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Lopez v. Nights of Cabiria, LLC*, No. 14–cv–1274 (LAK), 2015 WL 1455689, at *7 (S.D.N.Y. March 30, 2015).

IT IS FURTHER ORDERED that the post-discovery conference is adjourned sine die.

The Clerk of Court is respectfully directed to terminate the motion at Document 26.

SO ORDERED.

Dated: December 23, 2019
New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge